COPE, Judge.
Ileana Almazan appeals the determination that she is ineligible for benefits under the Florida Training Investment Program (“TIP”) set forth in section 443.231, Florida Statutes (1997). We reverse.
Almazan "was employed as a receptionist at Mishy Sportswear, Inc. In that position, Al-mazan opened the mail, operated the telephone switchboard, greeted customers, and made copies. When she was laid off-in 1997, Almazan sought unemployment benefits.
In' connection with her application for un-émployment benefits, Almazan was referred to the Training and Employment Council of South Florida to obtain information "about the possibility of training opportunities. The Council provided Almazan a list of career opportunities which are in high demand. The list included the position of legal secretary. In reliance on the referral to the Council and the list of career opportunities, Almazan enrolled in the legal secretary training program at Miami Dade Community College and sought application of her TIP benefits to that training.
After she had begun her training, Almazan was advised that she was ineligible for TIP benefits because legal secretaries were not in sufficiently high demand and because she was otherwise qualified to be a receptionist, a position which is in high demand. Almazan appealed that determination.
After a hearing, the appeals referee entered an order which found Almazan ineligible for TIP benefits because she was not a “dislocated worker” as required by the TIP program. See § 443.231(2)(d), Fla. Stat. The referee reached that conclusion by finding that Almazan had marketable skills as a receptionist, but that conclusion is not supported by competent substantial evidence presented at the hearing.- At the hearing, Almazan testified that she had sought, but had been unable to obtain, further work as a receptionist because she did not know how to operate a computer and had few; office skills. She stated that such skills are now required for.receptionist positions, and that she was unable to obtain another job, despite considerable effort. The witness presented by the *1222 TIP program did not refute that evidence. Rather, the witness only testified that in South Florida receptionists are in higher demand than legal secretaries, but that there is an expanding demand for both.
The inquiry under the statute does not depend solely on the former employee’s previous job title. The question is whether there is a market demand for someone with the claimant’s present skills. See id. § 443.231 - (introduction), (1), (2)(b)2, (2)(d), 4(h). The aim is the retraining of workers whose skills have become obsolete, see id. § 443.231(1), or so limited that the market demand for such skills is minimal. See id. § 443.231(2)(b)2, (4)(h). Here, the claimant testified that she was no longer employable at her previous occupation with her existing skills, and that even if a position would be secured after further training, it would be for lower pay. The agency witness did not contradict this testimony. There being no contrary evidence, the claimant showed that she qualified as a dislocated worker and is entitled to benefits.
Reversed.